UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
:
KIRAN VUPPALA,                                              :
                            Plaintiff,   :
                                      :    23 Civ. 149 (LGS)
                -against-                       :
                                      :    <u>ORDER</u>
BOND STREET PARKING LLC, et al.,                            :
                            Defendants.   :
------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

      WHEREAS, on January 6, 2023, Plaintiff brought this action.

      WHEREAS, the Order dated January 25, 2023, scheduled an initial pretrial conference for March 8, 2023, and directed submissions by March 1, 2023.

      WHEREAS, Plaintiff did not file the required materials by March 1, 2023.  On March 4, 2023, Plaintiff filed a request to adjourn the March 8, 2023, conference, which was granted.

      WHEREAS, after granting Plaintiff's four requests to adjourn the initial pretrial conference, the Order dated June 22, 2023, denied Plaintiff's fifth request to adjourn in light of the number of adjournments previously granted.  The Order directed Plaintiff to file a proposed order to show cause for default judgment and supporting papers by July 7, 2023.

      WHEREAS, on July 7, 2023, Plaintiff did not file the ordered materials but filed a motion to amend the complaint.

      WHEREAS, the Order dated July 11, 2023, directed Plaintiff to file the amended complaint by July 13, 2023, and to file proof of service of the amended complaint by July 18, 2023.

      WHEREAS, while Plaintiff filed the amended complaint on July 11, 2023, he did not file proof of service by July 18, 2023.  On July 19, 2023, Plaintiff filed a motion for extension of time to file proof of service, which was granted.  On July 20, 2023, Plaintiff filed proof of service.

WHEREAS, the Order dated July 21, 2023, scheduled a telephonic conference for September 20, 2023, and directed submissions by September 13, 2023.

WHEREAS, on September 13, 2023, Plaintiff did not file the materials but filed a request to adjourn the conference, which was granted.

WHEREAS, after granting Plaintiff's three requests to adjourn the telephonic conference, the Order dated January 11, 2024, denied Plaintiff's fourth request to adjourn in light of the number of adjournments previously granted. The Order directed Plaintiff to file a proposed order to show cause for default judgment and supporting papers by January 26, 2024.

WHEREAS, on January 26, 2024, Plaintiff did not file the materials as directed but filed a second motion to amend the complaint, which was granted.

WHEREAS, after Defendants 25 Bond Street Condominium ("Defendant Condominium") and FirstService Residential New York, Inc. ("Defendant FirstService") appeared and discovery commenced, on July 15, 2024, the parties submitted a status letter, showing limited progress in discovery.

WHEREAS, the Order dated July 16, 2024, directed the parties to file a discovery update by August 16, 2024.

WHEREAS, no such update was filed by August 16, 2024. On August 19, 2024, Plaintiff requested an extension to August 21, 2024, which was granted.

WHEREAS, no such update was filed by August 21, 2024. The Order dated August 22, 2024, directed the letter to be filed by August 23, 2024, and reminded counsel that continued disregard of the Court's orders may result in sanctions. Plaintiff filed the letter on August 23, 2024.

WHEREAS, the Order dated August 27, 2024, directed Plaintiff to file (1) default

judgment materials against Defendant Bond Street Parking LLC ("Defendant Parking") by September 20, 2024; (2) proof of service of Defendant 25 Bond Street Garage ("Defendant Garage") by September 13, 2024; and (3) a proper dismissal of Defendant FirstService, following Plaintiff's earlier voluntary dismissal of Defendant Condominium, by August 30, 2024.

WHEREAS, no such dismissal was filed by August 30, 2024. The Court dismissed Defendant FirstService *sua sponte* on September 25, 2024.

WHEREAS, no proof of service was filed by September 13, 2024. On September 14, 2024, Plaintiff filed a motion for extension, which was granted.

WHEREAS, the Order dated September 16, 2024, directed Plaintiff to file proof of service of Defendant Parking by October 14, 2024, and proof of service of Defendant Garage by September 18, 2024. The Order again reminded counsel that continued disregard of the Court's orders may result in sanctions.

WHEREAS, no proof of service was filed by September 18, 2024.

WHEREAS, the Order dated September 25, 2024, extended Plaintiff's deadline to serve Defendant Parking to October 2, 2024, and informed Plaintiff that continued violation of the Order may result in dismissal of Plaintiff's claims for failure to prosecute. On September 25, 2024, Plaintiff requested summonses for Defendants Parking and Garage and filed proof of service on October 2, 2024.

WHEREAS, the Order dated November 21, 2024, directed Plaintiff to file default judgment materials against Defendants Parking and Garage by December 12, 2024, which was extended to January 12, 2025.

WHEREAS, no such materials were filed on January 12, 2025. The Order dated January 15, 2025, extended the deadline to January 17, 2025, and informed Plaintiff that failure to comply

may result in sanctions, including dismissal of the action for failure to prosecute.

WHEREAS, no such materials were filed by January 17, 2025.  Plaintiff filed a portion of the default judgment materials the next day.

WHEREAS, the Order, dated January 22, 2025, directed Plaintiff to file the remaining documents in support of default judgment by February 7, 2025.

WHEREAS, no such documents were filed by February 7, 2025.

WHEREAS, the Order dated February 11, 2025, extended Plaintiff's deadline to February 14, 2025, and informed Plaintiff that failure to comply with the Court's order may result in sanctions, including dismissal of the action for failure to prosecute.

WHEREAS, no such materials were filed by February 14, 2025.

WHEREAS, on February 18, 2025, Plaintiff filed some required materials but did not file the required memorandum of law and proof of service.  It is hereby

**ORDERED** that this action is dismissed for failure to prosecute.  A court may dismiss an action "[i]f the plaintiff fails to prosecute." *See* Fed. R. Civ. P. 41(b).

> A district court considering a Rule 41(b) dismissal must weigh five factors: (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

*Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014);[1] *accord Lopez v. 3662 Broadway Rest. Corp.*, No. 19 Civ. 975, 2023 WL 3847141, at *2 (S.D.N.Y. June 6, 2023).  "No single factor is generally dispositive." *Baptiste*, 768 F.3d at 216.

---

[1] Unless otherwise indicated, in quoting cases, all internal quotation marks, footnotes and citations are omitted, and all alterations are adopted.

4

The first factor, the duration of Plaintiff's failure to comply with court orders, weighs in favor of dismissal. "There is no absolute measure by which to determine whether the delay is significant. Rather, the determination is case-specific: significant delay can range from weeks to years depending upon the circumstances." *Abarca v. Chapter 4 Corp.*, No. 18 Civ. 11206, 2019 WL 13221420, at *1 (S.D.N.Y. Mar. 21, 2019). Since March 1, 2023, Plaintiff repeatedly has failed to comply with the Court's orders. Since the Court's first Order, dated August 27, 2024, directing Plaintiff to initiate the default judgment process against Defendants Parking and Garage, Plaintiff has not filed all of the required materials in support of his default judgment in violation of "this Court's repeated directives." *See Saint-Fleur v. JPMorgan Chase Bank, N.A.*, No. 23 Civ. 4908, 2024 WL 3185077, at *3 (S.D.N.Y. June 26, 2024). Plaintiff's delay is sufficient to warrant dismissal. *See Compere v. MTGLQ Invs. LP*, No. 23 Civ. 4669, 2023 WL 6606848, at *2 (S.D.N.Y. Oct. 10, 2023) ("Delays of several months have been found sufficient.").

The second factor, whether Plaintiff was on notice that failure to comply would result in dismissal, weighs in favor of dismissal. On August 22 and September 16, 2024, Plaintiff was advised that continued disregard of the Court's orders may result in sanctions. On September 25, 2024, Plaintiff was advised that continued violation may result in dismissal of Plaintiff's claims for failure to prosecute. On January 15 and February 11, 2025, Plaintiff was again advised that failure to comply with the orders may result in dismissal. The Court's orders "provide[d] clear guidance on how [Plaintiff] could avoid dismissal." *See Baptiste*, 768 F.3d at 218.

The third factor, whether Defendants are likely to be prejudiced by further delay in the proceedings, weighs in favor of dismissal. Plaintiff has failed to comply with the Court's orders for several months, and further delay would prejudice Defendants. *See Seabrook v. Janssen Pharms. Inc.*, No. 20 Civ. 2005, 2022 WL 3718277, at *2 (S.D.N.Y. Aug. 29, 2022) (presuming

5

prejudice to defendants after months of delay).

The fourth factor, a balancing of the Court's interest in managing its docket with Plaintiff's interest in receiving a fair chance to be heard, is neutral.  "[T]here must be compelling evidence of an extreme effect on court congestion before a litigant's right to be heard is subrogated to the convenience of the court."  *Sanchez v. Cnty. of Dutchess*, No. 21-2408, 2023 WL 3047971, at *2 (2d Cir. Apr. 24, 2023) (summary order).  "Noncompliance with court orders undermines the ability of the Court to manage its docket and dispense justice to all litigants in an expeditious manner."  *Toro v. Merdel Game Mfg. Co.*, No. 22 Civ. 8505, 2023 WL 2368986, at *2 (S.D.N.Y. Mar. 6, 2023).  Because the Court's burden in managing its docket is not "extreme," *see Sanchez*, 2023 WL 3047971, at *2, this factor is neutral.

Finally, the fifth factor, whether the Court has adequately considered a sanction less drastic than dismissal, weighs in favor of dismissal.  "A lesser sanction is unlikely to persuade Plaintiff to participate as he has already been informed that his failure to participate may lead to the dismissal of his action, but he has not responded."  *Abarca*, 2019 WL 13221420, at *2.  For the foregoing reasons, this action is dismissed for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

The Clerk of Court is respectfully directed to close the case.

Dated: February 24, 2025
New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE